UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
HOWARD E. SHAFRAN, individually and on : MEMORANDUM DECISION
behalf of all similarly situated, : AND ORDER
: 07 Civ. 01365 (GBD)
                           Plaintiff, :
:
       -against- :
:
HARLEY-DAVIDSON, INC. and HARLEY :
OWNERS GROUP, :
:
                          Defendants. :
------------------------------------------------------------x

GEORGE B. DANIELS, District Judge:

       Plaintiff Howard E. Shafran brought suit against Harley Owners Group ("HOG") and Harley-Davidson, Inc. (collectively "defendants") seeking monetary damages and injunctive relief for himself and on behalf of a putative class of 60,000 HOG members who were informed by HOG that a laptop computer containing members' personal information had been lost. Plaintiff's complaint lists nine claims: (1) negligence; (2) breach of warranty; (3) unjust enrichment; (4) breach of fiduciary duty; (5) deceptive acts or practices (under New York G.B.L. § 34); (6) false advertising (New York G.B.L. §§ 350, 350-a and 350-e); (7) fraud and negligent misrepresentation; (8) prima facie tort; and, (9) breach of contract. Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). The motion to dismiss is granted.

## BACKGROUND

       Plaintiff is the owner of a Harley-Davidson, Inc. motorcycle and a member of HOG. HOG is a division of Harley-Davidson, Inc., that was created as a forum for Harley Davidson owners to interact and to provide services such as social and informational events, promotional discounts, and group rides. Purchasers of Harley-Davidson motorcycles receive a one-year free

membership and may opt to continue their HOG membership for a fee.  After plaintiff's free membership expired, he purchased a lifetime membership to HOG.  On or about August 14, 2006, a laptop computer containing certain HOG members' personal information was determined to be missing from defendants' facilities.  The personal information stored on the computer included names, addresses, credit card numbers and their expiration dates, and driver's license numbers.  On September 18, 2006, HOG sent written notice to approximately 60,000 of its members, including plaintiff, informing the members that a computer had been lost.  The notification advised the members that defendants had conducted an investigation and that there was no indication any personal information had been misused.  Defendants also offered to provide one year of free credit monitoring to the 60,000 HOG members affected and advised those members that they were entitled by law to place an initial fraud alert on their credit, through one of three major credit bureaus, free-of-charge for ninety days.

Plaintiff initiated this suit, alleging in his complaint that defendants "expose[d] their customers to an increased likelihood of identity theft and misuse of personal information." (Compl. ¶ 1).  He also alleges that "plaintiffs, and others similarly situated, will be required to pay for future credit monitoring after the end of the first-year, as well as take immediate burdensome and time consuming steps now and endure immediate compulsory out-of-pocket expenses" related to credit monitoring.  (Compl. ¶ 61)

## MOTION TO DISMISS

In deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept as true the complaint's factual allegations and draw all inferences in the plaintiff's favor."  Cleveland v. Caplaw Enterprises, 448 F.3d 518, 521 (2d Cir. 2006) (citation and alterations omitted).  The

complaint "does not need detailed factual allegations," yet it "requires more than labels and conclusions, and a formalistic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. ----, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 (citation omitted).

Defendants argue that plaintiff's claims are founded on speculation that he and putative class members might become identity theft victims rather than any allegations of actual injury. Defendants contend that since each of plaintiff's claims require the element of damages, and thereby must plead actual injury, the allegations are insufficient to state a claim for relief.[1] Plaintiff argues that defendants' conduct caused plaintiff to incur damages that are not speculative. Plaintiff claims that:

> [A]s a result of defendants' conduct in allowing the lap top to be taken he (and other HOG customers) "are required to undertake various protective measures including: credit monitoring; maintaining electronic communication with HOG member services; maintaining telephone communication with HOG member services"; being "diligent in monitoring activity with [plaintiff's] driver license number"; and "notify[] one of the three credit bureaus to place a fraud alert on [plaintiff's] file" . . . .

(Pl.'s Mem. Opp. Mot. to Dismiss 9-10 (quoting Compl. ¶ 58)).

Actual injury is, in fact, a required element of each of plaintiff's claims.[2] Thus, the

---

[1]Defendants further argue that each of the claims are insufficient because they fail to plead elements specific to each of the counts.

[2]Actual injury is an element of negligence, Shmushkina v. Price is Right of Brooklyn, Inc., 839 N.Y.S.2d 683, 684 (N.Y. 2007); breach of warranty, Frank v. DaimlerChrysler Corp., 292 A.D.2d 118, 122-25 (1st Dep't 2002); unjust enrichment, Siradas v. Chase Lincoln First Bank, N.A., 1999 WL 787658 at *3 (S.D.N.Y. Sept. 30, 1999); breach of fiduciary duty, Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Secs., LLC, 446 F. Supp. 2d 163, 195 (S.D.N.Y. 2006); violation of N.Y. Gen. Bus. Law § 349, Oswego Laborers' Local 214 Pension

question before the Court is whether, under New York law, the time and money that could be spent to guard against identity theft constitutes an existing compensable injury. Although New York courts have not addressed the issue, several district courts have examined information security claims relying on the cost of credit monitoring as the attendant injury. They all have rejected such a claim. In Forbes v. Wells Fargo Bank, N.A., 420 F.Supp.2d 1018, 1021, (D. Minn. 2006), for example, computers that contained unencrypted customer information including names, addresses, Social Security numbers and account numbers were stolen from a service provider for the defendant. Though there was no indication that the information on the computers had been accessed or misused, the plaintiffs contended that the time and money they spent monitoring their credit was sufficient to establish damages. The court rejected this argument, finding that the plaintiffs "overlook[ed] the fact that their expenditure of time and money was not the result of any present injury, but rather the anticipation of future injury that has not materialized." Id. Federal courts across the country have made a similar assessment. See Pisciotta v. Old Nat'l Bancorp, 499 F.3d 629, 639-40 (rejecting credit monitoring as a cognizable injury and concluding from a survey of federal court rulings that "[w]ithout more than allegations of increased risk of future identity theft, the plaintiffs have not suffered a harm that the law is prepared to remedy"); Kahle v. Litton Loan Servicing, LP, 486 F.Supp.2d 705, 712-13 (S.D. Ohio 2007) (granting defendant summary judgment because plaintiff failed to demonstrate an

---

Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 25-26 (N.Y. 1995); violation of N.Y. Gen. Bus. Laws §§ 350, 350-a and e, Scott v. Bell Atl. Corp., 282 A.D.2d 180, 183-34 (1st Dep't 2001); fraudulent misrepresentation, Channel Master Corp. v. Aluminum Ltd. Sales, Inc., 4 N.Y.2d 403, 406-07 (N.Y. 1958); negligent misrepresentation, Tajan v. Pavia & Harcourt, 257 A.D.2d 299, 304 (1st Dep't 1999); prima facie tort, Vigoda v. DCA Prods. Plus, Inc., 293 A.D.2d 265, 266 (1st Dep't 2002); and breach of contract, Gordon v. Dino De Laurentiis Corp., 141 A.D.2d 435, 435-36 (1st Dep't 1988).

injury since there was no direct evidence of identity fraud or that plaintiff's information was accessed); <u>Guin v. Brazos Higher Educ. Serv. Corp.</u>, 2006 WL 288483, at *6 (D. Minn. Feb. 7, 2006) (unpublished) (same); <u>Stollenwerk v. Tri-West Healthcare Alliance</u>, 2005 WL 2465906, at *5 (D. Ariz. Sept. 6, 2005) (unpublished) (granting summary judgment for defendants because the plaintiffs failed to demonstrate a cognizable injury); <u>see</u> <u>also</u> <u>Giordano v. Wachovia Securities, LLC</u>, 2006 WL 2177036 at *5 (D.N.J. July 31, 2006) (finding that credit monitoring costs resulting from lost financial information did not constitute an injury sufficient to give plaintiff standing); <u>Hendricks v. DSW Shoe Warehouse</u> 444 F.Supp.2d 775, 782-83 (W.D. Mich. July 26, 2006) ("There is no existing Michigan statutory or case law authority to support plaintiff's position that the purchase of credit monitoring constitutes actual damages or a cognizable loss.").

      Courts have uniformly ruled that the time and expense of credit monitoring to combat an increased risk of future identity theft is not, in itself, an injury that the law is prepared to remedy. Plaintiff has not presented any case law or statute, from any jurisdiction, indicating otherwise. Plaintiff's alleged injuries are solely the result of a perceived and speculative risk of future injury that may never occur. Plaintiff has failed to show an actual resulting injury that might support a claim for damages. As damages are an essential element of each of plaintiff's claims, plaintiff's claims fail as a matter of law.

## CONCLUSION

Defendants' motion to dismiss is GRANTED. This case is DISMISSED.

Dated: New York, New York
      March 20, 2008

                                    SO ORDERED:

                                    GEORGE B. DANIELS
                                    United States District Judge